IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ORESTES CABRERA,**
    **Plaintiff,**

vs.                                        **Case No.: 3:09cv128/RV/MD**

**U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA, et al.,**
    **Defendants.**
_____

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

    Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion for leave to proceed *in forma pauperis* (doc. 2).  For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

    Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same

standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

      Plaintiff is a federal inmate currently confined at the Escambia County Jail. His complaint names four defendants: the United States District Court for the Northern District of Florida, United States Attorney General Eric Holder, Assistant United States Attorney Tiffany Eggers, and United States District Judge Casey Rodgers.  Plaintiff complains that District Judge Rodgers did not allow him to withdraw his guilty plea in Case Number 3:08cr77.  He asserts his plea was involuntary because: (1) his court appointed counsel Randall Lockhart failed to provide him with "information"[1] about his case, and failed to file a motion to suppress the drugs that gave rise to one or more of the charges; (2) he did not have sufficient time to read (through an interpreter) and understand the plea agreement; (3) the only physical evidence against plaintiff was obtained through an illegal arrest,

---

[1] Plaintiff does not specify what information counsel failed to provide other than a copy of the "discovery date."  It is unclear what this document is, although the docket of plaintiff's criminal case reflects that an "Order Setting Jury Trial and Other Pre-Trial Matters" was entered on September 12, 2008, which addressed discovery deadlines.

search and seizure; (4) that his federal conviction violates double jeopardy principles because he was prosecuted in another court for the same transaction, and that case was dismissed. (Doc. 1, pp. 5-6). As relief, plaintiff seeks the following: "To stop the court from prosecuting me a second time, after the charges have already been dismissed. To prevent use of cruel and unusual punishment. To grant me equal protection of the laws." (*Id.*, p. 7).

The court takes judicial notice of its own records in *United States v. Orestes Cabrera*, Case Number 3:08cr77. On November 4, 2008, plaintiff executed a Guilty Plea and Cooperation Agreement in which he pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine, and one count of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine. (*See United States v. Orestes Cabrera*, Case No. 3:08cr77/MCR, doc. 80). On January 12, 2009, District Judge Rodgers accepted plaintiff's plea, deferring a formal adjudication of guilt until the time of sentencing. (*Id.*, doc. 93). Plaintiff then filed a motion to withdraw his plea (*id.*, doc. 100), which was denied on March 16, 2009. (*Id.*, doc. 113). On March 20, 2009, plaintiff was adjudicated guilty and sentenced on each count to imprisonment for a term of 276 months, said terms to run concurrently with one another, followed by 5 years of supervised release. (*Id.*, doc. 114). Judgment was entered on March 26, 2009. (*Id.*, doc. 115). Plaintiff filed a notice of appeal on March 27, 2009. In the meantime, plaintiff initiated this civil rights action on March 17, 2009. (Doc. 1).

Although plaintiff filed his complaint on the form for use in actions arising under 42 U.S.C. § 1983 which pertains to conduct committed by a person acting under color of <u>state</u> law, plaintiff neither claims nor alleges facts to suggest that defendants were acting under color of state law. Rather, plaintiff alleges the defendants were acting under color of <u>federal</u> authority. The cause of action available to a prisoner claiming a violation of his civil rights by a <u>federal</u> official is 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Thus, plaintiff's

complaint is construed as arising under *Bivens*.

Plaintiff's *Bivens* claims challenge the validity of his plea (what is now a conviction), and seek release from confinement. Such claims are in the nature of habeas corpus and are not cognizable in a civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court of the United States held that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. Therefore, plaintiff's claims must be dismissed. *See also Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 1245, 161 L.Ed.2d 253 (2005) (reiterating that prisoners cannot use civil rights actions to challenge "the fact or duration of [their] confinement.") (citing *Preiser*); *cf. Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995) (holding that declaratory or injunctive relief claims which are in the nature of habeas corpus claims – *i.e.*, claims which challenge the validity of the claimant's conviction or sentence and seek release – are not cognizable in a civil rights action under 42 U.S.C. § 1983 or *Bivens*); *Dees v. Murphy*, 794 F.2d 1543, 1545 (11th Cir. 1986) (citing *Preiser* as support for dismissal of civil rights action challenging validity of plaintiff's federal conviction and requesting that conviction be declared constitutionally invalid; "Congress provided 28 U.S.C. § 2255 as the appropriate remedy for collateral attack of a federal conviction.").

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 2nd day of April, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

Case No: 3:09cv128/RV/MD

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**